## John Hotchin and others v. Henry A. Kent and others.

A partner binds his firm only on the theory of an implied agency for the purposes of the mutual adventure; and the agency does not extend beyond what may fairly be regarded as coming within its reach.

The articles of a joint stock mercantile association prohibited the officers entrusted with the conduct of its business from making purchases on credit. They, notwithstanding, made a purchase on credit, first giving the seller a copy of the articles.—*Held*, that the association were not liable for the purchase, unless subsequently ratified by them.

The officers themselves are not competent to ratify their unauthorized act.

The receipt of the goods by the association, or even the sale of them in the course of their business, would not of itself amount to a ratification, since the members cannot be supposed to know that the purchase has been made in violation of their articles.

*Heard October 4th. Decided October 13th.*

Error to St. Joseph Circuit. The case is sufficiently stated in the opinion.

*W. Saivers,* and *C. Upson,* for plaintiffs in error:

The acts of a partner in violation of his duty to the firm, do not bind the firm where the other party to the transaction is cognizant of and co-operates in such breach of duty:— *Story on Agency,* § 125; *Story on Part.* § 117, 123; 7 *T. R.* 207; 2 *Mich.* 102; 2 *B. & Ald.* 673; 4 *Johns.* 278; 1 *Lloyd & Wels.* 6; 1 *Campb.* 403; 10 *East,* 264; 3 *Conn.* 124; 1 *Stark.* 164; 5 *Waits & S.* 564.

The fact that the property came to the possession of the association is not of itself sufficient to make them liable:—1 *Sim.* 376; 1 *Mo.* 121; 17 *Wend.* 47. There should be proof that the association voluntarily enjoyed the benefit of the purchase, with full knowledge of the circumstances, with a manifest intention of recognizing the purchase as binding upon them.

*H. H. Riley*, for defendants in error.

CAMPBELL J.:

The defendants below (the plaintiffs in error) were sued as partners, for goods sold on credit, which were purchased by William B. May, Secretary of the "White Pigeon Farmers and Mechanics Mercantile Association" of which they were members and partners. May, as Secretary, had charge of the store belonging to the defendants, and of buying and selling goods. The Association was a voluntary joint stock company, for mercantile purposes, intended chiefly to secure to the members the privilege of buying goods at a moderate advance on cost prices, besides giving them any profits accruing beyond expenses. It was one of the articles of association that no goods should be bought on credit. The business was to be conducted through the usual officers of joint stock companies.

The defendants in error (the plaintiffs below) sold goods to May, after receiving from him a written copy of the articles of association, containing the prohibition against credit purchases. There was no evidence of ratification by any of the defendants beyond what is claimed to have been legally deducible from the forwarding of the goods through the channel pointed out by May, and some evidence that packages were seen in the store. The court held that delivery to the forwarding company in New York, by May's orders, was a sufficient delivery to the defendants to bind them all, and to hold them for goods bought on credit.

While, in an ordinary commercial partnership, any act of one of the partners, with innocent parties, within the scope of the partnership business, will usually bind the firm, yet any contract made without the scope of the business, with a person who knows or is bound to know that it is beyond that scope, can never be held binding on the firm of its own force, or without some express or

implied adoption. A promissory note, for example, given for a private debt by one partner, can not, in the hands of the original holder, be enforced against the partnership. And the principle applies to any similar excess of authority. A partner binds his firm only on the theory of an implied agency for the purposes of the mutual adventure, and the agency does not extend beyond what may fairly be regarded as coming within its reach.

It is unnecessary, in the case before us, to examine into the question whether a person dealing with the officers of a joint stock company is not bound to inquire into the extent of their authority; because, in the case before us, there is no question but that there was actual knowledge brought home to the creditors. To hold that, with this knowledge, they could lawfully bind the Association by a bargain made in deliberate violation of their articles, would be in conflict with the plainest principles of law, as well as of common honesty. Such a bargain is a fraud, and its perpetrators can not ask a court to enforce it.

It is claimed, however, that the reception of the goods by May is the act of the plaintiffs in error, and amounts to a ratification. We do not perceive on what principle an unauthorized agent can ratify and make valid his own void act.

Under the charge of the court, it was not necessary for the implied ratification that the goods should have been received at the store. But there would be nothing in such reception, and the disposition of the goods in the usual way of business, to bind the members of the association. By the articles, the business was to be managed by May, and the other officers; and the members at large can not be supposed to know what perhaps might be presumable among ordinary partners. They might fairly infer that their agent had honestly paid their money for the goods in store. It would be a most violent presumption to infer an approval of an unauthorized purchase, because the stockholders ab-

HOTCHIN v. KENT.

stained from interfering in the management of business which they placed in the hands of agents for the very purpose of avoiding the necessity of personal management. Legal presumptions must be reasonable; and an approval can only be presumed where the parties from whose conduct it is inferred must be supposed, in all probability either to know, or at least to be in a position where they are careless if they do not know, the acts to which their assent will be assumed in the absence of dissent. No such presumption could arise here. The charges of the court, and its refusals to charge, on the subject of the authority of May, and as to what was necessary to bind the association, were erroneous, and had a manifest tendency to mislead the jury.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.